# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 18, 2012 Session

## STATE OF TENNESSEE v. STEPHANIE RENA HOLT

**Appeal from the Circuit Court for Williamson County**
**Nos. II-CR123832, II-CR074310, II-CR105268      Robbie Beal, Judge**

---

**No. M2011-01354-CCA-R3-CD - Filed January 9, 2013**

---

The defendant, Stephanie Rena Holt, after pleading guilty to various offenses, was granted probation and placed into the Williamson County Drug Court program, with a condition of probation being that she complete the program.  While serving an initial seventy-day period of incarceration, she received write-ups for infractions of several jail rules, resulting in her termination from the drug court program.  Following a revocation hearing, her probation was revoked because she had not completed the drug court program.  On appeal, she argues that the trial court abused its discretion in revoking her probation and requiring that she be incarcerated for the remainder of her sentence.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Dennis J. Garvey, Nashville, Tennessee, for the appellant, Stephanie Rena Holt.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Kim R. Helper, District Attorney General; and Terry E. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On April 6, 2009, the defendant entered pleas of guilty in Case No. II-CR123832 to aggravated burglary and theft over $1000 and received sentences, respectively, of three years and two years, to be served concurrently, with forty-five days of incarceration followed by

probation. On November 3, 2009, she pled guilty in Case No. II-CR074310 to attempted aggravated burglary and theft under $500 and was sentenced to three years and eleven months, twenty-nine days, respectively, with the sentences to run concurrently, but that for attempted aggravated burglary to be served consecutively to her earlier sentence for aggravated burglary. As to the second set of sentences, the defendant was to be incarcerated for fourteen days and then serve the remainder of the sentence on probation.

On July 20, 2010, a probation violation warrant was issued based upon the defendant's being arrested for theft over $10,000. On August 9, 2010, an amended warrant was issued based on the defendant's having failed a drug screen and admitting to using marijuana. On December 13, 2010, she pled guilty in Case No. II-105268 to theft under $500 and was sentenced to eleven months, twenty-nine days, suspended, to be served concurrently with her two prior sentences. Additionally, the defendant's probation was revoked and, then, reinstated, with her being ordered to participate in the drug court program. The agreement regarding the drug court program, which she signed, set out in general her responsibilities:

> Participate in and complete the 21st Drug Court program under the supervision of State Probation. As a condition of probation defendant will serve seventy (70) days in jail. (Defendant will receive sentence credit for those seventy (70) days.) If defendant does not follow the rules of the 21st Drug Court and State Probation, as those rules are written and orally conveyed, defendant is subject to being removed from the 21st Drug Court program. The defendant has signed and acknowledged that he/she is subject to sanctions as deemed appropriate by the 21st Drug Court Judge, and waives hearing regarding imposition of sanctions.

> If, for any reason, the defendant is no longer deemed appropriate or eligible for the 21st Drug Court, a warrant will issue and he/she shall be removed from the 21st Drug Court program. Not completing the 21st Drug Court program is deemed a violation of the terms and conditions of probation and will be sufficient to cause defendant's probation to be revoked and his/her original sentence to be placed into effect. The defendant does not waive his/her right to a violation of probation hearing. If the defendant successfully completes and is discharged from the 21st Drug Court by the Drug Court Judge, he/she will receive sentence credit for the time served in the 21st Drug Court.

According to the drug court handbook, "to establish abstinence and begin the process of recovery," a drug court participant "will be housed in the Williamson County Jail facility for at least the first 70 days." One of the conditions of the program was that if a participant

was terminated from the program by the drug court judge, "a violation of probation warrant will be immediately served on you and you will appear in Court for the disposition of your case. This could result in your serving the remainder of your sentence in jail."

A second probation violation warrant was issued on February 9, 2011, based upon the defendant's termination from the drug court program for noncompliance, namely that she had violated disciplinary rules of the Williamson County Jail. Subsequently, on March 14, 2011, the trial court conducted a hearing on the second probation violation warrant. At the conclusion of the hearing, the trial court revoked the defendant's probation, and this appeal followed.

## **ANALYSIS**

On appeal, the defendant argues that the trial court abused its discretion in revoking her probation and requiring that she be confined for the remainder of her sentence. The State responds that the record supports both of these actions of the trial court.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment." Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. See Black v. Romano, 471 U.S. 606, 613 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 786-90 (1973). However, such a defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless

good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. Gagnon, 411 U.S. at 786; Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

The record on appeal contains the Probation Revocation Order Into Drug Court, dated December 13, 2010, stating that the "[d]efendant's probation begins anew today," and, as one of the conditions of her probation, that "[n]ot completing the 21st Drug Court program is deemed a violation of the terms and conditions of probation." Subsequently, on May 18, 2011, the trial court entered an order revoking the defendant's probation because she had failed to abide by the rules of the program and, thus, was terminated from it. On appeal, the defendant complains of her termination from the drug court program, asserting that "[s]he had no apparent opportunity to test the information given by Captain Dobbins and to have her side of the story considered by the team."

At the probation revocation hearing, Connie Martin testified that she was a probation manager with the Tennessee Board of Probation and Parole and had served as the defendant's probation officer since her original officer had left. She said that the defendant had violated probation rule 10, which required that she complete the drug court program, and had been terminated from the program for that reason. During cross-examination, Ms. Martin explained that she was a member of the drug court team and that the drug court participant handbook advised the defendant that a probation violation warrant would be issued if she was terminated from the program. Ms. Martin said that the team had been advised that the defendant "had multiple violations within the jail and . . . was locked down several times." Ms. Martin had not personally reviewed the jail disciplinary reports, although the team had discussed their allegations. Captain Dobbins had informed the team of the specifics of the allegations. Only after "at least two possibly three alleged violations" had the defendant been terminated from the drug court program.

The defendant testified regarding her prior criminal record and hearing impairment. She said that she had completed and received her GED diploma during her incarceration. She told of her write-ups while in the Williamson County Jail, saying that the first occurred when she used the word "bitch," referring to a particular situation rather than to describe one of the security officers. Another write-up resulted when, after the defendant had been told by a security officer "not to be loud," and she continued talking, she was written up for "unnecessary disturbance." The defendant explained that, because she is hearing impaired, she cannot judge how loudly she is speaking. She said that she also received a write-up for allegedly interfering as medication was being passed out. The defendant testified that she filed a grievance as to Officer Payne, saying that she complained to the inmates of not liking her job. During cross-examination, she said she admitted to the drug court team that she had

used profanity on the day she was alleged to have done so but could not say whether she had been talking loudly, because her hearing impairment prevented her judging her speech volume.

Following the presentation of proof at the revocation hearing and the arguments of counsel, the court explained in detail its basis for revoking the defendant's probation:

Clearly, there is a violation in that she did not complete drug court which is a special condition of her probation. So clearly that's . . . at issue. But I think . . . the Court is required to go one step beyond. I think the Court needs to make sure that that wasn't just an arbitrary decision by [the] drug court. For example, if we sent someone to an inpatient rehab facility, that facility for whatever reason shut its doors and all of its residents were expelled, well, we wouldn't – or I hope – we wouldn't blame the probationer for not completing the rehab program. So, you know, obviously, circumstances where decisions can be made outside the control of the probationer that affect her status on probation. We may have that to a certain degree. The fact is is that the jail was preventing her, due to their own administrative policies, . . . from actively participating in the drug court program. The problem is, though, is that the root cause, the root issue of that was the conduct of [the defendant]. While the Court acknowledges . . . that these are technical violations, that they're administrative violations.

The bigger issue for the Court is . . . what to do with her now. The Court is not particularly pleased ever to send a 21 year old, in this case, young lady, especially a young lady, not to be bias, to prison. And with no disrespect to [the defendant], especially over something that seems rather childish, immature, stupid, . . . whichever adjective you want to use, of all the ways to violate your drug court obligations, this seem[s] to be . . . an awfully silly way to violate that drug court obligation. And, again, that may result a little bit based on . . . her age.

The Court has already stated and I'll acknowledge again. I appreciate the fact that there is some family support here for [the defendant]. That does mean something.

The bigger issue that the Court has is that this is a second violation. We went through a violation of probation once before based upon new charges. I think [another judge] heard that if I'm not mistaken and that's when it was . . . the discretion of her counsel at the time, obviously, whatever judge heard

it, and the Drug Court Board to give her as [defense counsel] just stated kind of her last chance to go to drug court and then we turn back around and have a second violation. Maybe if this was a first violation the Court might consider it a bit differently, but because it's a second violation, the Court's patience obviously begins to wane a bit, and I think that's the case here.

[The defendant], you were given your last chance when you walked in here, when you were given the opportunity to go to drug court. I'll be the first to state. I think the reasons you got kicked out of drug court were silly reasons and that's not to say that drug court made a bad decision in kicking you out. . . . [W]hat you were doing were silly acts and I hate to see you have to go to prison, quite frankly, just the way your lawyer stated for just being silly. But this Court has . . . a limited amount of patience and we gave you your last chance last time. I'm not going to give you another chance this time.

It is apparent from the transcript of the revocation hearing that the trial court considered all relevant facts, including the defendant's past difficulties in complying with the rules of probation. At the hearing, proof was presented, through Connie Martin, of the drug court requirements, as well as the defendant's actions while incarcerated that resulted in write-ups and, ultimately, removal from the drug court program. The defendant acknowledged, but attempted to explain, some of her actions that resulted in the removal. Following our review, we cannot conclude that the trial court abused its discretion in revoking the defendant's probation or ordering that she be incarcerated for the remainder of her sentence, especially given her past problems with drug abuse and complying with the rules of probation.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering that she be confined for the remainder of her sentence.

_____
ALAN E. GLENN, JUDGE